**UNITED STATES of America, Plaintiff,**

v.

**Harold W. SAIN, Defendant.**

**Nos. CR–85–120–W, CR–85–79–W.**

United States District Court,
W.D. Oklahoma.

Sept. 16, 1985.

Michael J. Farr, Sp. Asst. U.S. Atty., William S. Price, U.S. Atty., David M. Paskach, Sp. Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Hughes & Nelson, Oklahoma City, Okl., for defendant.

ORDER

LEE R. WEST, District Judge.

In CR–85–120–W, defendant is charged, pursuant to 18 U.S.C. §§ 7 and 13, and

Okla.Stat. tit. 21 § 1220 (1981), with one count of transporting an open container.

In CR–85–79–W, defendant is charged, pursuant to 18 U.S.C. §§ 7 and 13, and Okla.Stat. tit. 47 § 761 (1981), with one count of driving while impaired.

These cases were consolidated for trial and are consolidated for purposes of this opinion.

### Transporting an Open Container

Okla.Stat. tit. 21 § 1220 (1981) provides:

It shall be unlawful for any person to knowingly transport in any moving vehicle upon a public highway, street or alley any nonintoxicating beverage containing more than one-half of one percent (½ of 1%) alcohol by volume and not more than three and two-tenths percent (3.2%) alcohol by weight except in the original container which shall not have been opened and from which the original cap or seal shall not have been removed, unless the opened container be in the rear trunk or rear compartment, which shall include the spare tire compartment in a station wagon or panel truck, or any outside compartment which is not accessible to the driver or any other person in the vehicle while it is in motion. Any person violating the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than Fifty Dollars ($50.00).

Much of the evidence in this case is in sharp conflict. The Court finds that the more credible evidence establishes the following facts:

(1) Defendant was the driver of a van that came to a stop at a guard post at Tinker Air Force Base near Oklahoma City, Oklahoma.

(2) A passenger, sitting in the front passenger seat, accompanied defendant.

(3) On the van's console, located between the driver's seat and front passenger's seat, were two open glass bottles of a name brand beer.

(4) The beer bottles were each ¼ to ½ full of a pale yellow liquid that smelled of alcohol. The bottles were still cold.

(5) When one of the guards requested the passenger surrender the beer bottles, the passenger emptied the contents of the beer bottles, thereby effectively preventing testing of the contents of the beer bottles.

■ This circumstantial evidence is sufficient to support findings that the beer bottles contained beer. This evidence, in addition to the other evidence presented at trial, constitutes sufficient evidence that defendant was transporting open containers of beer in violation of Okla.Stat. tit. 21 § 1220 (1981).

### Driving While Impaired

Okla.Stat. tit. 47 § 761(A) (1981) provides:

Any person who operates a motor vehicle while his ability to operate such motor vehicle is impaired by the consumption of alcohol shall be subject, for a first offense, to a fine of not less than One Hundred Dollars ($100.00) nor more than Three Hundred Dollars ($300.00).

■ Okla.Stat. tit. 47 § 756(b) (1984 Supp.) sets forth the evidence required to convict a person of driving while impaired:

[E]vidence that there was, at the time of the test, an alcohol concentration in excess of five-hundredths (0.05) but less than ten-hundredths (0.10) is relevant evidence that the person's ability to operate a motor vehicle was impaired by alcohol. However, no person shall be convicted of the offense of operating or being in actual physical control of a motor vehicle while such person's ability to operate such vehicle was impaired by alcohol solely because there was, at the time of the test, an alcohol concentration in excess of five-hundredths (0.05) but less than ten-hundredths (0.10) in the blood or breath of the person *in the absence of additional evidence that such person's ability to operate such vehicle was affected by alcohol to the extent that the public health and safety was threat-*

ened or that said person had violated a state statute or local ordinance in the operation of a motor vehicle. [Emphasis added.]

Defendant contends that under § 756(b), the government must show that defendant's *actual operation of his vehicle* was demonstrably impaired to the extent that the public health and safety were threatened. Since the arresting officer did not observe defendant's van until after it had come to a complete stop, defendant contends the government has failed to present evidence that defendant's actual operation of his vehicle was demonstrably impaired. Defendant therefore concludes that he cannot be found guilty of driving while impaired.

The government responds that § 756(b) does not restrict evidence of impairment solely to proof of defendant's actual operation of his vehicle. The government contends the focus of evidence under § 756(b) is whether defendant's *ability* to operate his vehicle has been impaired by alcohol to the extent as to constitute a threat to the public health and safety. The government further contends that public policy favors its interpretation of the statute. To restrict evidence of impairment solely to proof of defendant's actual operation of his vehicle, the government argues, would endanger the public health and safety by exposing the public to unnecessary risks.

At the Court's request, the parties have submitted briefs concerning the interpretation of § 756(b). Upon examination of the parties' briefs and the cases cited therein, it appears that this narrow issue of Oklahoma law has not previously been decided. Therefore, the Court will interpret the statute in the manner it believes would be in accord with the state courts of Oklahoma.

A comparison of § 756(b) with the provisions of § 756(a) and (c) is helpful in determining the meaning of the phrase "ability to operate" a vehicle. At one extreme, § 756(a) provides that proof of 0.05 or less blood alcohol content is *prima facie* evidence that the driver is not under the influence of alcohol. Thus, Oklahoma recog-

nizes that the average person can consume a relatively small amount of alcohol without impairing his or her ability to drive. Of course, some persons may find their driving faculties impaired by the least consumption of alcohol. Therefore, it is possible for the government to rebut the statutory *prima facie* evidence in favor of the driver.

At the other extreme, § 756(c) provides that proof of 0.10 or more blood alcohol content is *prima facie* evidence that the driver is under the influence of alcohol. Thus, Oklahoma recognizes that when the average person consumes a relatively large amount of alcohol, the alcohol will influence his or her ability to drive. Again, some persons may be able to tolerate alcohol better than others and may find their driving faculties unimpaired even with a blood alcohol content of 0.10 or more. Therefore, it is possible for the driver to rebut the statutory *prima facie* evidence in favor of the government.

As for the intermediate level of blood alcohol content, more than 0.05 but less than 0.10, § 756(b) requires the government to prove either:

(1) that the driver's ability to operate his or her vehicle was affected by alcohol to the extent that the public health and safety were threatened, or

(2) that the driver has violated a state statute or local ordinance in operating his or her vehicle.

Defendant has failed to persuade the Court that the first provision of § 756(b) requires proof of defendant's actual operation of his vehicle. Such an interpretation would make the last provision of § 756(b) largely or totally redundant because there are few, if any, instances where a driver's actual operation of his vehicle threatens the public health and safety that does not also violate a state statute or local ordinance. The plain language of § 756(b) repeatedly refers to a person's ability to operate his or her vehicle. Section 761(A) also refers to a person's ability to drive.

In the absence of guidance from the state courts of Oklahoma, the Court holds

that the phrase in § 756(b) which reads: "... additional evidence that such person's ability to operate such vehicle was affected by alcohol to the extent that the public health and safety was threatened ..." means additional evidence that such person's physical or mental abilities which he or she is expected to possess in order to operate a vehicle as a reasonable and prudent driver were affected by alcohol to the extent that the public health and safety were threatened. Oklahoma law is violated when impairment threatens public health and safety. The government need not stand idly by until after an impaired driver has caused personal injury or death or destroyed property.

While the evidence at trial was in sharp conflict, the more credible evidence is that defendant's physical and mental abilities which he is expected to possess in order to operate his vehicle as a reasonable and prudent driver were affected by alcohol to the extent that the public health and safety were threatened. The government presented evidence that defendant's reaction time, coordination, and balance were impaired by alcohol. Defendant also failed to pass various field sobriety tests. This evidence, coupled with the evidence that defendant's blood alcohol level was between 0.07 and 0.08, satisfies the evidentiary requirements of § 756(b) and proves a violation of § 761(A).

In addition, while neither party focused on the last provision of § 756(b), (violation of a state statute or local ordinance in the operation of a motor vehicle), the particular facts of this case show defendant violated this provision as well. The Court has already found defendant guilty of transporting an open container, a violation of Okla. Stat. tit. 21 § 1220 (1981). This violation of Oklahoma law, coupled with the evidence that defendant's blood alcohol content was between 0.07 and 0.08, also satisfies the evidentiary requirements of § 756(b) and also proves a violation of § 761(A).

It is therefore ORDERED, ADJUDGED, and DECREED that defendant is GUILTY of transporting an open container in violation of Okla.Stat. tit. 21 § 1220 (1981) and GUILTY of driving while impaired in violation of Okla.Stat. tit. 47 § 761(A) (1981). The Court waives its right to order a presentence investigation report and sets defendant's sentencing date for 8:30 a.m., on September 24, 1985.